MALLON, SANTORA & TRANGER
86 Court Street
Freehold, New Jersey 07728
(732) 780-0230
(732) 780-5002 (fax)

---

| | |
|---|---|
| CARL R. LEPIS, | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| v. | Docket No: |
| TOWNSHIP OF NEPTUNE, PATROLMAN JOHN JACKSON, PATROLMAN ELLISON, PATROLMAN FRED FAULHABER, PATROLMAN LESLIE BORGES, PATROLMAN BRYCE BYHAM, CHIEF OF POLICE HOWARD O'NEIL, JOHN DOE INDIVIDUALS 1-10, JOHN DOE CORPORATIONS A-C, Defendants. | **Civil Action**<br><br>**COMPLAINT** |

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3).

2. This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

3. Plaintiff, Carl R. Lepis, ("Plaintiff"), residing at 5 West Grenada Drive, Brick, New Jersey, is and was at all times relevant hereto, a citizen of the United States and a resident of the State of New Jersey.

4. Defendants Patrolman John Jackson ("Jackson"), Patrolman Ellison ("Ellison"), Patrolman Fred Faulhaber ("Faulhaber"), Patrolman Leslie Borges ("Borges"), Patrolman Bryce Byham ("Byham"), and/or John Doe Individuals 1-5 were at all times relevant hereto duly appointed and active police officers of the Neptune Township Police Department and, at all times relevant hereto, were acting in such capacities as the agents, servants and/or employees of Defendant Township of Neptune and under color of state law. These parties are made a party to this action as defendants in their individual and official capacities.

5. Defendant Chief of Police Howard O'Neil ("O'Neil") was at all times relevant hereto a duly appointed and active member of the Neptune Township Police Department and at all times herein was acting in such capacity as the agent, servant and/or employee of Defendant Township of Neptune under color of state law. He is responsible for the creation and oversight of the execution of the policies, practices and customs of the Neptune Township Police Department. He is made a party to this action as a defendant in his individual and official capacity.

6. Defendants O'Neil and John Doe Individuals 6-10, at all times relevant hereto, were acting in supervisory capacities over Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5 and vested with the authority by law for the screening, training, supervision, discipline, and conduct of said defendants.

7. Defendant Township of Neptune is a duly designated municipality of the State of New Jersey, existing under the laws of the State of New Jersey.

8. At all times relevant hereto, Defendant Township of Neptune and/or Defendants John Doe Corporations A-C employed the aforementioned Defendants. As such, it was responsible for the screening, training, supervision, discipline and conduct of Defendants O'Neil, Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-10.

## FACTS COMMON TO ALL COUNTS

9. The previous paragraphs are incorporated herein inclusively as if fully set forth.

10. On or about March 15, 2008 at approximately 11:30 p.m., Plaintiff was a business invitee at Jumping Brook Spirits and Bar, located at 3705 State Highway 33 in Neptune, New Jersey.

11. On that date and time, the Plaintiff and a friend exited the premises in order to have a cigarette behind the bar near the friend's lawfully parked truck.

12. Plaintiff stood next to the passenger side of his friend's truck smoking.

13. A Neptune Police patrol car approached, shining a high power spot light at plaintiff and his friend.

14. Defendant Jackson ordered Plaintiff to produce identification while continuing to shine a spotlight in Plaintiff's face.

15. The Plaintiff provided Defendant Jackson with his passport.

16. Defendant Jackson then exited his police vehicle and walked over to Plaintiff.

17. Defendant Jackson asked the Plaintiff for his address and told him that he was "investigating". Plaintiff informed Jackson that his address was on his passport.

18. Defendant Jackson then asked Plaintiff's friend for identification, which she provided in the form of a driver's license.

19. Defendant Jackson reviewed the friend's identification and then ordered the Plaintiff to turn around because he was "under arrest".

20. The Plaintiff complied with the officer's request and turned around.

21. As he turned around, another Neptune officer, later identified as Defendant Ellison, approached the plaintiff and grabbed Plaintiff.  Defendant Jackson also grabbed the plaintiff and Jackson and Ellison slammed the Plaintiff's body against Vitale's truck.

22. Defendants Jackson and Ellison then slammed the Plaintiff's body against Jackson's police vehicle.

23. Defendants Jackson and Ellison pushed the Plaintiff to the ground.

24. Defendant Jackson sprayed the Plaintiff with OC Spray and Defendant Ellison punched the Plaintiff in the face and back.

25. Without any resistance from plaintiff, Defendants Jackson and Ellison continued to beat, punch, kick and pull the Plaintiff's hair.

26. Defendants Jackson and Ellison handcuffed the Plaintiff and escorted him to Jackson's vehicle.

27. Defendants Jackson and Ellison slammed the Plaintiff's head against the door frame as he was pushed into the police vehicle.

28. Once in the vehicle, Defendant Jackson continued to kick the plaintiff in the legs.

29. Defendants Faulhaber, Borges and Byham, despite witnessing the excessive use of force by Defendants Jackson and Ellison, failed to intervene and prevent the violation of the

Plaintiff's civil rights.

30. The Plaintiff was subsequently charged with Disorderly Conduct in violation of N.J.S.A. 2C:33-2, Resisting Arrest in violation of N.J.S.A. 2C:29-2, and a local ordinance violation for being "Drunk in Public" without any legal or factual justification.

31. In his investigation report and in a criminal complaint, Defendant Jackson made numerous false statements of fact in order to justify the plaintiff's arrest and beating.

32. Despite having knowledge of the falsity of the statement contained within Defendant Jackson's investigation report, Defendants Ellison, Faulhaber, Borges, and Byham failed to intervene and prevent the violation of the Plaintiff's civil rights.

## COUNT I: § 1983 EXCESSIVE FORCE

33. The previous paragraphs are incorporated herein inclusively as if fully set forth.

34. As a direct and proximate result of the above-referenced unlawful, malicious, intentional, objectively unreasonable and/or reckless, physical abuse of Plaintiff by Defendants Jackson, Ellison, Faulhaber, Borges, Byam, and/or John Doe Individuals 1-5, all committed under color of state law, Plaintiff sustained injuries, including the deprivation of his right to be secure in his person against unreasonable seizure, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983.

35. As a direct and proximate cause of the malicious, unlawful, intentional, objectively unreasonable, and/or reckless conduct of Defendants as set forth above, Plaintiff sustained permanent injury, disability, pain and suffering, lost income, medical expenses, and will continue to experience same for some time to come.

**WHEREFORE,** Plaintiff Carl Lepis demands judgment against Defendants Jackson, Ellison, Faulhaber, Borges, Byam, and/or John Doe Individuals 1-5 on this Count together with compensatory and punitive damages, medical expenses, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### COUNT II: § 1983 UNLAWFUL SEIZURE/FALSE ARREST

36. The previous paragraphs are incorporated herein inclusively as if fully set forth.

37. The aforementioned acts and/or omissions of Defendants Jackson, Ellison, Faulhaber, Borges, Byam, and/or John Doe Individuals 1-5 in arresting the plaintiff and thereby restraining his liberty were objectively unreasonable, excessive, for an excessive and unreasonable period of time and/or undertaken without legal or factual justification, and amounted to an unlawful "seizure" of the plaintiff.

38. The aforementioned acts amounted to a violation of Plaintiff's constitutional right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments of the Constitution of the United States, made actionable through 42 U.S.C. Section 1983.

39. As a direct and proximate cause of the aforementioned acts, Plaintiff was caused to sustain a deprivation of his Constitutional rights; physical and emotional damages; medical expenses; and will continue to experience same for some time to come.

**WHEREFORE,** Plaintiff Carl Lepis demands judgment against Defendants Jackson, Ellison, Faulhaber, Borges, Byam, and/or John Doe Individuals 1-5 on this Count together with compensatory and punitive damages, medical expenses, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT III: § 1983 MALICIOUS PROSECUTION

40. The previous paragraphs are incorporated herein inclusively as if fully set forth.

41. Defendants Jackson, Ellison, Faulhaber, Borges, Byam, and/or John Doe Individuals 1-5 maliciously and unlawfully initiated a criminal process against Plaintiff as a pretextual justification for the injuries inflicted upon the Plaintiff and/or in order to protect themselves from criminal and civil liability.

42. The charges initiated against plaintiff were without legal or factual justification and were not based upon probable cause.

43. The criminal proceedings initiated by Defendants terminated in Plaintiff's favor.

44. As a direct and proximate cause of the actions described herein by Defendants Jackson, Ellison, Faulhaber, Borges, Byam, and/or John Doe Individuals 1-5, Plaintiff suffered a deprivation of constitutional rights guaranteed him by the Fourth and Fourteenth Amendments to the Constitution of the United States, and made actionable through 42 U.S.C. Section 1983.

45. Plaintiff suffered physical injury, medical expenses, expenditures to defend maliciously initiated criminal proceedings, lost wages and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States, and made actionable through by 42 U.S.C. Section 1983.

**WHEREFORE,** Plaintiff Carl Lepis demands judgment against Defendants Jackson, Ellison, Faulhaber, Borges, Byam, and/or John Doe Individuals 1-5 on this Count together with compensatory and punitive damages, medical expenses, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT IV:  § 1983 ABUSE OF PROCESS

46. The previous paragraphs are incorporated herein inclusively as if fully set forth.

47. As set forth previously, Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5 maliciously used a "legal process" to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

48. Specifically, Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5 knew or had reason to believe that the criminal process initiated against plaintiff was groundless and thereafter made misrepresentations to gain an advantage over Plaintiff's certain constitutional claims and/or to protect their interest in their employment and/or to protect themselves from criminal prosecution and civil liability.

49. Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5 made false statements of fact; intentionally, recklessly, and/or negligently misrepresented the facts of their encounter with Plaintiff and his subsequent arrest and detention; falsified police and/or other official records, and mishandled and/or withheld evidence during the criminal prosecution of Plaintiff subsequent to initiating the criminal proceedings against him.

50. As a direct and proximate result of the aforesaid acts of Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5, Plaintiff suffered physical injury, lost wages, medical expenses, mental anguish, and a deprivation of Constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States, made actionable through 42 U.S.C. Section 1983.

**WHEREFORE,** Plaintiff Carl Lepis demands judgment against Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5 on this Count together with compensatory and punitive damages, medical expenses, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### COUNT V: § 1983 UNLAWFUL CUSTOM, PRACTICE, POLICY

51. The previous paragraphs are incorporated herein inclusively as if fully set forth.

52. Defendants Township of Neptune, Defendant O'Neil, and/or John Doe Individuals 6-10 are vested by state law with the authority to make policy on the use of force, effectuating arrests and police-citizen encounters.

53. At all times relevant hereto, Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5 were acting as agents, servants and/or employees of the Township of Neptune Police Department; were acting under the direction and control of Defendant Township of Neptune, Defendant O'Neil, and/or John Doe Individuals 6-10; and were acting pursuant to the official policy, practice or custom of Defendants Township of Neptune, Defendant O'Neil, and/or John Doe Individuals 6-10.

54. Acting under color of state law, Defendants Township of Neptune, Defendant O'Neil, and/or John Doe Individuals 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to adequately screen, train, instruct, supervise, control, and/or discipline, on a continuing basis, the officers under its control, including Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Does 1-5 to refrain from:(1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or

negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

55.   Defendants Township of Neptune, Defendant O'Neil, and/or John Doe Individuals 6-10 were provided actual or constructive notice of numerous similar police citizen encounters involving Officers of the Neptune Township Police Department, including but not limited to, Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5, whereby officers customarily and frequently subject citizens to physical and mental abuse; unlawfully and maliciously assault, arrest and harass citizens; intentionally, recklessly and/or negligently misrepresent the facts of arrests and/or other police-citizen encounters; falsify police and/or other official records; make false arrests, mishandle and/or withhold evidence and/or use unreasonable and excessive force on citizens/arrestees.

56.   Despite having such notice, Defendants Township of Neptune, Defendant O'Neil, and or John Doe Individuals 6-10, failed to employ any type of corrective or disciplinary measures against Officers of the Neptune Township Police Department, including but not limited to, Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5.

57.   Defendants Township of Neptune, Defendant O'Neil, and/or John Doe Individuals 6-10 had knowledge of, or, had they diligently exercised their duties, should have known, that the Constitutional deprivations set forth above were likely to occur and, with deliberate indifference, did nothing to prevent such deprivations from occurring.

58.   Defendants Township of Neptune, Defendant O'Neil, and/or John Doe Individuals 6-10, had vested authority to prevent or aid in preventing the commission of said wrongs, and

could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

59. Defendants Township of Neptune, Defendant O'Neil, and/or John Doe Individuals 6-10, directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 6-10 as set forth above.

60. As a direct and proximate result of the acts and/or omissions of Defendants Township of Neptune, Defendant O'Neil, and/or John Doe Individuals 6-10 as set forth herein, Plaintiff suffered permanent injury and disability, lost income, medical expenses, and mental anguish in connection with the deprivation of his Constitutional right to be free from unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and made actionable through 42 U.S.C. Section 1983 and will continue to incur same for some time to come.

**WHEREFORE,** Plaintiff Carl Lepis demands judgment against Defendants Township of Neptune, Defendant O'Neil, and/or John Doe Individuals 6-10 on this Count, together with compensatory and punitive damages, medical expenses, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## PENDENT STATE LAW CLAIMS

### COUNT VI:  ASSAULT AND BATTERY

61. The previous paragraphs are incorporated herein inclusively as if fully set forth.

62. Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5 committed an assault and battery on Plaintiff by physically beating him without

justification and/or by putting him in reasonable apprehension of serious and imminent bodily harm.

63. The assault and battery committed by Defendants was contrary to the common law of the State of New Jersey.

64. As a result of the intentional, reckless and/or objectively unreasonable assault and battery, as specifically alleged above, Plaintiff sustained diverse substantial and permanent physical and emotional injuries, medical expenses, lost income, and pain and suffering, and will continue to incur same in the future for some time to come.

**WHEREFORE**, Plaintiff Carl Lepis demands judgment against Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5 on this Count, together with compensatory and punitive damages, medical expenses, interest and costs of suit incurred, and for any such further relief as the Court deems proper and just.

## COUNT VII:  FALSE ARREST/ IMPRISONMENT

65. The previous paragraphs are incorporated herein inclusively as if fully set forth.

66. At all times material and relevant herein, Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1- 5 were acting within the scope of their authority as police officers of the Defendant Township of Neptune.

67. Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5 intentionally and without reasonable basis made a warrantless arrest of Plaintiff, and/or restrained Plaintiff's freedom of movement for an unreasonable period of time thereafter, contrary to the common laws of the State of New Jersey.

68. As a result of said false arrest/imprisonment, Plaintiff sustained significant and

permanent physical and emotional injury, medical expenses, lost income, and pain and suffering and will continue to incur same in the future for some time to come.

**WHEREFORE,** Plaintiff Carl Lepis demands judgment against Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5 on this Count, together with compensatory and punitive damages, medical expenses, interest and costs of suit incurred.

### COUNT VIII: MALICIOUS ABUSE OF PROCESS

69. The previous paragraphs are incorporated herein inclusively as if fully set forth.

70. As set forth above, Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5 maliciously used a "legal process" to accomplish some ulterior purpose for which it was not designed or intended, and/or which was not the legitimate purpose of the particular process employed.

71. Specifically, Defendants Jackson, Ellison, Faulhaber, Borges, Byham and/or John Doe Individuals 1-5, with knowledge that the initiated criminal proceedings against Plaintiff were groundless, thereafter made misrepresentations of facts relating to their encounter with Plaintiff and his subsequent arrest and detention; falsified police and/or other official records, and mishandled and/or withheld evidence during the investigation and prosecution of the Plaintiff in order to gain an advantage over Plaintiff's certain constitutional claims and/or to protect their interest in their employment and/or to protect themselves from criminal prosecution and civil liability.

72. Defendants' actions and/or omissions were in violation of the common law of the State of New Jersey.

**WHEREFORE,** Plaintiff Carl Lepis demands judgment against Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### COUNT IX: MALICIOUS PROSECUTION

73. The previous paragraphs are incorporated herein inclusively as if fully set forth.

74. Defendants Jackson, Ellison, Faulhaber, Borges, Byham and/or John Doe Individuals 1-5 maliciously and unlawfully initiated a criminal process against Plaintiff as a pretext to protecting themselves from criminal and civil liability and/or justifying the injuries they caused Plaintiff to suffer.

75. The charges brought by said Defendants against Plaintiff were without legal or factual justification and were not based upon probable cause.

76. The criminal proceedings initiated by Defendants terminated in Plaintiff's favor.

77. Defendants' actions were contrary to the common law of the State of New Jersey.

78. As a result of the willful, wanton, and/or intentional acts set forth above, Plaintiff sustained various physical and emotional injuries, medical expenses, lost income, expenditures to defend maliciously initiated criminal proceedings, and pain and suffering, and will incur same in the future for some time to come.

**WHEREFORE,** Plaintiff Carl Lepis demands judgment against Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit

14

incurred, and for any such further relief as the court deems proper and just.

### COUNT X: VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

79. The previous paragraphs are incorporated herein inclusively as if fully set forth.

80. The excessive force used, malicious prosecution, false arrest/imprisonment, and abuse of process by Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5, set forth at length above, deprived plaintiff of his substantive due process right to be free from unlawful seizure of his person and his fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, *et seq.* ("The New Jersey Civil Rights Act").

81. As a direct and proximate result of the aforesaid acts of Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5, Plaintiff also suffered physical injury, lost wages, medical expenses, and mental anguish.

**WHEREFORE,** Plaintiff Carl Lepis demands judgment against Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, for the determination of a civil penalty to be paid by any defendant adjudged liable under this count to the State Treasurer, and for any such further relief as the court deems proper and just.

### COUNT XI:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

82. The previous paragraphs are incorporated herein inclusively as if fully set forth.

83. The actions of Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Does 1-5 in their use of excessive force upon Plaintiff, their assault and battery of Plaintiff, their false arrest and imprisonment of Plaintiff, their malicious prosecution of Plaintiff and their abuse of

process was intentional, extreme and outrageous.

84. As a result of said conduct, Plaintiff sustained severe emotional distress that no person should be expected to endure.

85. The acts of the Defendants were in violation of the common law of the State of New Jersey.

**WHEREFORE,** Plaintiff Carl Lepis demands judgment against Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5 on this Count, together with compensatory and punitive damages, medical expenses, interest and costs of suit incurred and for such further relief as the Court deems proper and just.

## COUNT XI: PRIVATE DEFAMATION

86. The previous paragraphs are incorporated herein inclusively as if fully set forth.

87. Defendant Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5, through false investigation reports, criminal complaints, false testimony, and/or through other modes of communication, made false defamatory statements of fact concerning the plaintiff to people other the plaintiff.

88. When said defendants made such false statements concerning the plaintiff, they did so with actual knowledge that the statements were false, or with reckless disregard as to the statements' truth or falsity, or with negligence in failing to determine the falsity of the statement.

89. As a result of the acts alleged in the intstant count, Plaintiff sustained damages, including but not limited to, injury to his reputation in the community, emotional injuries, medical expenses, lost income and will incur same in the future for some time to come.

**WHEREFORE,** Plaintiff Carl Lepis demands judgment against Defendants Jackson, Ellison, Faulhaber, Borges, Byham, and/or John Doe Individuals 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel for plaintiff in the above-captioned matter.

                                                    MALLON, SANTORA & TRANGER
                                                    Attorneys for Plaintiff

Dated: January 16, 2009         By:    /s/ Thomas J. Mallon, Esquire
                                                        **THOMAS J. MALLON, ESQUIRE**